No. 17,048.

## Louisville, Evansville and St. Louis Consolidated Railroad Company v. Miller, Administratrix.

Master and Servant.—*Negligence.*—*Knowledge and Want of Knowledge of Defects.*—*How Pleaded.*—In an action by a servant against the master for injuries sustained by reason of the master's breach of duty owing him, allegations of knowledge of defects by the master and want of knowledge thereof on plaintiff's part, may be made in general terms, and is held to include, not only actual, but constructive knowledge.

Same.—*Sufficient Allegations of Knowledge of Defect.*—*Railroad.*—In such case, allegations in the complaint of the absence of ballast in the roadbed, of broken ties, and of ties so rotten as not to hold the spikes driven into them, are conditions which, if existing from the original construction, must have been known, and, if arising from use, afforded undoubted opportunity for discovery.

Same.—*Presumption of Knowledge,—Judicial Notice.*—*Railroad.*—The court can not presume, in the face of the allegation of want of knowledge by the employe (a conductor), that he had been so long employed in running over the defective track as to become familiar with it; nor can the court know that a conductor has a reasonable opportunity of seeing that ties are broken, or that they have decayed, or that ballast has not been sufficiently placed or is displaced.

Same.—*Negligence.*—*Unnecessary Allegation.*—Where the damages sued for are the result of neglected duties of the master, it is not necessary to negative the contribution of negligence by a fellow-servant.

Supreme Court Practice.—*Errors Suggested, Without Citation to Record, Without Argument or Citation of Authority.*—Errors suggested in a general way, without argument and without citation of authorities, and without citation to the record, present no question for consideration.

From the Floyd Circuit Court.

*A. Dowling,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

Hackney, J.—The appellee sued and recovered for the negligent killing of her husband, James A. Miller, an employe of the appellant, serving as freight conductor. The complaint alleged that the appellant was neg-

ligent in supplying defective cars, in failing to supply track inspectors and in supplying a track defective in materials and construction; that by reason of such negligence the track gave way, the cars broke down and said employe was thereby killed.

It was alleged also that the defects constituting such negligence were known to the appellant and were unknown to said employe; that the death was caused without fault or negligence on the part of the employe, and solely because of said negligence of the appellant.

We have, for the appellant, but a meager brief, filed on application for the supersedeas writ, and which merely suggests that the complaint is defective, first, in failing to aver that the appellant's knowledge of the alleged defects was in time to have made repairs or to have given notice thereof to employes; second, that the alleged defects were of such character that if continued for a considerable time they must have been known by the decedent; and, third, that it was not alleged that the injury was not caused by the negligence of a coemploye of the decedent.

It can not be doubted that all of the alleged neglected duties were such that their performance rested upon the appellant, and could not be entrusted to a fellow-servant of the injured employe so as to absolve the appellant from liability for their nonperformance. The allegation of knowledge on the one side, and its absence on the other, may be made in general terms, and is held to include not only actual but constructive knowledge. *Evansville, etc., R. R. Co.* v. *Duel,* 134 Ind. 156.

While not intending to hold here that it is necessary to the liability of the master that he shall have knowledge of defects for a sufficient time to permit repairs, we do hold that the allegation of knowledge includes constructive knowledge, which is that knowledge chargeable

Louisville, Evansville and St. Louis, etc., R. R. Co. v. Miller, Admx.

to the master from an opportunity, by the exercise of ordinary care, to know.

In the present case, it may be seriously questioned if the complaint does not allege conditions which ordinary. care would charge the company with knowing, namely, the absence of ballast, broken ties, and ties so rotten as not to hold the spikes driven into them. It may be safely said that these are conditions which, if existing from the original construction, must have been known, and if arising from use, afforded undoubted opportunity for discovery.

We can not presume, in the face of the allegation that the employe did not know of the defect, which we hold to negative both actual and constructive knowledge, that he had been so long employed in running over the defective track as to become familiar with it. Nor can we know that a conductor, whose trains pass rapidly from station to station, and whose duties are in the operation of the trains and not in track construction or repairs, has a reasonable opportunity of seeing that ties are broken or that they have decayed, or that ballast has not been sufficiently placed or may be displaced.

As to the third objection suggested, we may say that if in any case it could be held necessary to negative the contribution of the negligence of a fellow-servant, it could have no place here. Here the death was alleged to have resulted from neglected duties of the master, and not of a fellow-servant. If we could presume that there was mixed negligence of a fellow-servant, which by no means can we do, the master would yet be liable if his own fault was a proximate cause of the death. *Boyce* v. *Fitzpatrick*, 80 Ind. 526; *Pennsylvania Co.* v. *Burgett*, 7 Ind. App. 338.

In our opinion, the complaint was sufficient.

Several questions as to the weight and admissibility

of evidence are suggested in a general way, but without citations to the record, without argument, and without citation of authorities. Such questions can not be deemed to be properly presented under the rules of practice, since they do not point out error, but cast the burden upon the court of searching for it.

Finding no error in the record, the judgment of the circuit court is affirmed.

Filed April 3, 1895.