## THE LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* ARNOLD.

[No. 3,262.    Filed January 31, 1901.]

NEGLIGENCE.—*Ejection by Fellow Passengers.—Employe's Knowledge.*—A railroad company is not liable in damages for the forcible ejection from its train of a passenger by his fellow passengers without cause, where it is not shown that the conductor or brakeman in charge of the train was present or saw him ejected, or that he called on them for help and protection and was refused, or that the company or its servants had reasonable ground to apprehend that such passenger was in danger, or that they could, in the exercise of reasonable care, have prevented the assault if they had known of it. *p. 194.*

SAME.—*Assault on Passenger.—Employe's Failure to Prevent.*—A complaint which charged that a passenger who had given no cause for offense was assaulted in full view of the employes in charge of a railway train by riotous fellow passengers, who had ejected him from such train, and was forcibly prevented from boarding the train until it pulled out and left him, and that the railway employes made no effort to assist him or to prevent his fellow passengers from assaulting him and keeping him off the train, charged actionable negligence on the part of the railway company. *p. 195.*

SAME.—*Complaint.—Plaintiff's Freedom from Fault.*—A complaint against a railroad company for negligently permitting a passenger to be assaulted and injured which failed to aver plaintiff's freedom from contributory negligence was insufficient on demurrer. *pp. 195, 196.*

From the Grant Circuit Court.    *Reversed.*

*J. B. Cockrum, W. E. Hackedorn, George Shirts* and *W. R. Fertig,* for appellant.

*J. W. Lovett* and *F. E. Holloway,* for appellee.

HENLEY, C. J.—The only question presented by the record in this case is as to the sufficiency of the complaint. The complaint in so far as it is necessary to present the questions discussed is as follows: "Plaintiff avers that on the 24th day of May, 1898, desiring to go from said city of Muncie, Delaware county, Indiana, to the city of Decatur, in Adams county, Indiana, he did at about 7 o'clock a. m. on said day

purchase a ticket of the defendant at its regular depot and station in said city of Muncie and which said ticket was for passage over the defendant's railroad and said connecting line from Muncie to Decatur and return; that he paid for said ticket the sum of $1.10; that thereupon and about the hour of 7 o'clock a. m. on said 24th day of May, 1898, he took passage on a passenger train on the defendant's railroad and took his seat in one of the passenger cars which was a part of said train for the purpose of making a journey form Muncie to Decatur, and thereupon became a passenger upon said train; that said passenger train and the car in which he was seated was under the control and operated by the servants of the defendant, and was in charge of a conductor and brakeman in the employ of the defendant; that while on said train he conducted himself in a proper manner, occupied his seat quietly and without giving offense to any person or persons on said train, and so remained quietly seated in said passenger coach until the time hereinafter stated; that when said train arrived at a station and town known as Montpelier, in the county of Blackford, State of Indiana, and about the hour of 8 o'clock a. m., and while said train was standing at the platform of said station, and while the plaintiff was conducting himself in a quiet and proper manner, he was approached by one Frank Young, who requested the plaintiff to speak with him, and invited him out of his said seat for that purpose; that as soon as he had left his seat and come into the aisle of said car and near the platform of the same, he was ordered by said Young to leave the train; that he refused to go, stating to said Young and others that he had purchased a ticket and was a passenger on said train and would not leave the same; that he desired to continue his journey; that he had purchased a ticket and was entitled to proceed on his way without molestation; that said Frank Young, assisted by one William E. Floyd, they being then and there passengers on said train, took hold of the plaintiff and by force and vio-

lence ejected him from the train, and refused to allow him to get on board, although he attempted so to do for the purpose of continuing his journey; that plaintiff resisted and used all his force to prevent said Young and Floyd from ejecting him from said train but was overcome by the force and violence used against him; that the conductor and other employes in charge of said train had full knowledge that he was ejected therefrom, and made no effort to prevent him from being violently ejected from said train and from being assaulted by said Young and Floyd, and made no effort to assist him to get on board said train, after he had been so ejected, for the purpose of continuing his journey; that he made repeated attempts to board said train while it was standing at said station and depot, but was prevented by said Young and Floyd and others from doing so; that the train left said station and depot without plaintiff and ran a short distance north, to wit, about 650 feet, and stopped for the purpose of allowing another train to pass; that the plaintiff immediately after said train left said station, and while it was standing at said point waiting for said train to pass, went to the station agent of the defendant company at Montpelier, or the servant in charge of the station and depot at said time, and told him that he had been wrongfully and forcibly ejected from said train by certain riotous passengers and persons thereon; that he wished to continue his journey and wished the protection of said railroad company in so doing; that said agent or employe told the plaintiff to get aboard said train; that he had a perfect right to do so, and was a passenger, but made no effort to assist him in any way in boarding said train; that the plaintiff left said station and depot, and went to the point where said train was standing waiting for said other train to pass, and attempted to board his said train for the purpose of proceeding on his journey, and was forcibly prevented by said Young and Floyd and other riotous passengers and persons from so doing, and was again assaulted and prevented by force from boarding said

Lake Erie, etc., R. Co. *v.* Arnold.

train, and was threatened with violence and great bodily harm if he attempted so to do; that at the time he attempted to board said train the last time, as aforesaid, he was in full view of the employes in charge of said train, but they made no effort to protect him or to prevent said riotous passengers from assaulting and further preventing him from taking passage on said train; that while he was attempting to board said train the last time, and while he was in plain view of the servants and employes of the defendant in charge of said train, said train left said point and proceeded towards the said town of Bluffton, and left the plaintiff at the said town of Montpelier. Plaintiff further avers that after said train on which he was a passenger had left the said city of Muncie, the conductor in charge of said train came through the car in which he was seated and took up the coupon of his ticket entitling him to passage from said city of Muncie to said City of Bluffton, and well knew that he was a passenger entitled to be carried on said train between said points." The complaint then proceeds to state the facts that appellant was compelled to wait at Montpelier till another train came and that he was compelled to buy another ticket; that he was injured by the assault made upon him by the passengers; that he was mortified and humiliated; that he was prevented from keeping his engagement at Decatur; that he had been injured, in all, in the sum of $1,500. Upon a trial by a jury appellee was awarded $100 damages.

It seems to be the rule, with but few exceptions, in the courts of this country and England, that a railroad carrier is bound to exercise a high degree of care to protect its passengers from injury by third persons, and that while the carrier must exercise a high degree of care, it is not liable if such care is used, there being no liability unless there is negligence. Elliott on Railroads, §1591; *Felton* v. *Chicago, etc., R. Co.* (Iowa,) 29 N. W. 618; *Pitts-*

*burgh, etc., R. Co.* v. *Hinds,* 53 Pa. 512; *Pittsburgh, etc., R. Co.* v. *Pillow,* 76 Pa. 511; *Britton* v. *Atlanta, etc., R. Co.,* 88 N. C. 536; *Jackson* v. *Missouri Pac. R. Co.,* 104 Mo. 448, 16 S. W. 413; *Chicago, etc., R. Co.* v. *Pillsbury,* 123, Ill. 10, 14 N. E. 22; *Winnegar* v. *Central, etc., R. Co.,* 85 Ky. 547, 4 S. W. 237; *Mullan* v. *Wisconsin, etc., Co.,* 46 Minn. 474, 49 N. W. 249; *Goddard* v. *Grand Trunk R. Co.,* 57 Me. 202.

Admitting, as we must in considering the sufficiency of the complaint, that all the material allegations therein are true, does it state facts from which the court must as a matter of law conclude that the appellant was guilty of negligence, and that the appellee was free from contributory fault. The case here presented is very different from a case where the passenger is wrongfully ejected or assaulted by a servant of the carrier; in such a case the act of the servant or agent is the act of the principal. But in the cases of the class to which the case under consideration belongs, the complaint must, in the absence of a direct averment of negligence, allege facts which in law amount to negligence. As to the first assault committed upon appellee it is not shown by the complaint that the conductor or brakeman in charge of the train was present when the appellee was ejected from the train, neither is it shown that they saw appellee ejected, or saw him try to board the train at Montpelier while it was standing at the station. Nor does the complaint show that appellant or its servants had reasonable grounds to apprehend that the appellee was in danger, nor that if they had known of the assault they could, in the exercise of reasonable care, have prevented it; nor does it show that appellee at any time called upon the servants of appellant in charge of the train for help or protection, and that the help and protection to which he was entitled was refused. Thus it was held in *Royston* v. *Illinois, etc., R. Co.,* 67 Miss. 376, 7 South. 320, that if a passenger is violently assaulted by a fellow passenger while the conductor is absent attending

to his duties in another part of the train, not knowing of the assault, or that it was threatened, the carrier cannot be held liable therefor.

The second and last assault committed upon appellee by his fellow passengers was when he attempted to board the train after it had pulled down the track and was waiting for another train to pass. This assault, the complaint avers, was in full view of the employes in charge of the train, and that said employes made no effort to protect him or to prevent his fellow passengers from assaulting him and preventing him from getting on said train. Whether said employes were near enough to render him any assistance, or whether they negligently refused to come to aid him, we are left to presume from the mere statement that at the time the assault was committed he was in full view of said employes. Under the authorities cited, we are inclined to hold that the averments of the complaint as to the second and last assault committed upon appellee are sufficient to charge appellant with actionable negligence. But the complaint is open to another and fatal objection. The theory of the complaint is to recover damages for the tort, and the contract of carriage is set forth merely as leading up to the commission of the tort and for the purpose of showing appellant's liability therefor. The assault and battery was the cause and not the effect of the failure to transport appellee. There is no averment in the complaint that appellee was free from fault. The general averment that appellee was free from fault would have been sufficient unless it affirmatively appeared from the facts pleaded that he negligently contributed to his injury. But the complaint, as stated, does not contain such general averment. Such averment being absent, its sufficiency in this respect must be determined from the specific facts stated in the complaint. The facts so stated must be such as will affirmatively show that the appellee was free from fault. It is averred in the complaint that appellee, while a passenger on the train, was sitting quietly in his

seat; that he said nothing offensive to any one, and that he conducted himself in a proper manner. These averments precede the statement in the complaint of what took place on the platform of the car, or of what took place when appellee was trying to board the train after being ejected. As to what he did after leaving the seat, and while he was upon the platform, or upon the ground, the complaint is silent, and he may have been guilty of such conduct after leaving his seat as would have entirely exonerated appellant from any liability herein. In fact, the complaint is silent as to the conduct of appellee at the particular time that the assault and battery occurred. Appellee may have been, while in his seat, perfectly free from fault in any manner contributing to his injury, and it may have been that after leaving his seat and going upon the platform his conduct was such as to have justified his removal from the train by force. The allegation of freedom from contributory negligence must relate to and apply to "the time and act of the injury." *Lake Erie, etc., R. Co. v. Hancock,* 15 Ind. App. 104.

For error in overruling the demurrer to the complaint the judgment is reversed.