## Hatfield v. Payne, Agent, et al.

(Decided June 13, 1922.)

### Appeal from Bullitt Circuit Court.

1. Carriers—Action by Passenger for Theft of Purse.—One who is robbed of his purse on a crowded passenger train is not entitled to recover of the railroad company the value thereof, in the absence of a specific showing that the railroad company had in its employ pickpockets or thieves who had opportunity to and likely did purloin the purse, or by showing by satisfactory evidence that the railroad company and those in charge of the train knew or had reasonable opportunity to know that there were in the crowd at the time one or more pickpockets or thieves who were about to rob its passengers, in which event it became the duty of the persons in charge of the train to give such protection to its passengers against such thieves as could be reasonably done.

2. Carriers—Liability for Tort by One Passenger Upon Another.—As a general rule a railroad company is not liable for torts by one passenger upon another, unless the conductor or other servants in charge of the train knew, or by the exercise of ordinary care could have known, of the purpose or intention on the part of the tort feasor to commit the wrong against his fellow passenger, and with such knowledge failed to exercise reasonable care to prevent such wrong and to protect the passenger against same.

3. Trial—Instructions—Duty of Court.—In civil cases it is not the duty of the trial judge to give the whole law of the case, nor to give an instruction upon any phase or issue of the case unless requested so to do by one of the parties to the action.

C. P. BRADBURY and J. R. ZIMMERMAN for appellant.

B. D. WARFIELD, MOORMAN & WOODWARD and J. F. COMBS for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant Hatfield brought this action in the Bullitt circuit court against the Director General of Railroads to recover $1,086.40 damages which he averred he suffered (1) by reason of being carried beyond his station and made sick; (2) failure of the railroad to provide him, a passenger, with a seat; (3) exposure in the crowded coach to pickpockets by whom he was robbed of $86.40 while standing in the thronged aisle a trial resulted in a verdict for the plaintiff in the sum of $1.75. From the judgment entered upon this verdict Hatfield appeals.

A reversal of the judgment is prayed by appellant upon three alleged grounds: (a) The court erroneously instructed the jury that no recovery could be had by appellant on account of the robbery; (b) the court failed to instruct the jury upon the whole law of the case; (c) the court gave erroneous instructions to the jury.

(a)  It is averred in the petition that the plaintiff, while standing in the crowded aisle of the passenger coach, was robbed of $86.40 as a consequence of the company's failure to properly protect him by giving him a seat as was its duty. It is not alleged that any of the employes of the company, or any one connected with it, aided or participated in the alleged robbery, nor is any definite person charged with the crime. It appears that appellant Hatfield with others boarded the train at Salt River, bound for South Louisville. It was on December 28th, during the holidays, and the train was crowded to such an extent that he was unable to obtain a seat and consequently had to stand in the aisle the entire journey. Many other persons were also standing.  Some time during the journey he says he lost his money, but just when or how he does not know.  The railroad company, as a general rule, is not liable for torts committed by one passenger upon another, unless the conductor or other servants in charge of the train knew, or by the exercise of ordinary care could have known, of the purpose or intention on the part of the tort feasor to commit the wrong against his fellow passenger, and with such knowledge failed to exercise reasonable care to prevent such wrong and to protect the passenger against whom it is directed. While we have considered no case involving the facts charged in the petition, we have had before us cases in which one passenger assaulted or injured another, and the rule above stated was applied in those cases. L. & N. R. R. Co. v. McEwan, 17 Ky. L. R. 406; Clark v. L. & N.

R. R. Co., 20 Ky. L. R. 1814; L. & N. R. R. Co. v. Renfro's Admr., 142 Ky. 590; Bogard's Admr. v. I. C. R. R. Co., 144 Ky. 649. If appellant was robbed there was an assault.

While a carrier of passengers is under the duty of protecting his passengers from assault while on the journey, this protection, of necessity can only be afforded when the carrier or his servants knew in advance of the intended assault or from the surrounding circumstances and facts known to him or them should, as reasonable persons, have apprehended that such an assault was about to be committed. It is the negligent omission of the carrier through its servants to prevent the tort from being committed which renders the carrier responsible. By his contract with the passenger the carrier undertook to carry him safely, and it so negligently performed this contract that the passenger was injured, and the gist of an action for such injuries is the negligence of the carrier or its officers in charge of its conveyance. 4 R. C. L., pp. 1184. It is not, however, because a particular passenger is known by the carrier's servants to be in peril at the hands of a fellow passenger or stranger that a failure to use the means at command to protect him will be actionable negligence; but it is because there is a known or discoverable danger that an injury may be done to a passenger and because no effort is made to avert that injury from all the passengers, that the carrier is liable if an injury is inflicted on one of the passengers when it could have been prevented. It is just as incumbent on the carrier to protect all its passengers from assault by a fellow passenger when its servants have knowledge or the means of knowing that an assault on some one is imminent, and when they have time and means to avert it, as it is to protect all its passengers from injuries likely to result from defective means or methods of transportation. Consequently it will not do to say, after an assault has been made, that the servants of the carrier did not know or could not have foreseen that the particular individual who was assaulted would be injured by an assault if they were apprised, or with proper care could have known of facts or circumstances which indicated that some one would be injured unless the disorderly passenger or stranger were ejected or controlled. 4 R. C. L. 1186, 1187; Chesapeake & Ohio Ry. Co. v. Austin, 137 Ky. 611; L. & N. R. R. Co. v. Brewer, 147 Ky. 166; 10 Corpus Juris, page 900. Any other rule would be unjust. As the

petition failed to make averments in conformity to said rule, and there was no evidence which would have supported such an averment, if made, the peremptory instruction of the trial court to the jury to find nothing for the plaintiff Hatfield on account of the robbery was not error.

(b) Complaint is made that the instructions did not present the whole law of the case. If this were true, appellant is in no position to take advantage of this error for he did not offer a written instruction, or request one, upon any phase of the case, whether covered or not by the instructions given by the court, nor did he ask an additional instruction upon any issue involved. The trial court is not obliged to give the whole law of the case in a civil action, nor to instruct upon a given issue or question in the case unless requested so to do by one of the parties to the action. L. H. & St. L. R. R. Co. v. Roberts, 144 Ky. 820. Good practice requires counsel to prepare and offer to the court such instructions as they deem their client entitled to have given to the jury, and if they fail to do so, or fail to request the court to instruct upon that subject, the failure of the court to so instruct is not error of which they may complain. Even if an instruction is offered or requested and the court refuses to give it, the party must except to the ruling of the court in order to take advantage of the error on appeal to this court. Berea Bank & Trust Co. v. Mokwa, 194 Ky. 556, and cases there cited.

(c) The first instruction directed the jury to find for the plaintiff Hatfield if those in charge of the train at the time he was a passenger failed to announce the station of his destination immediately before the arrival of the train at that point, and to give him a reasonable opportunity to depart from the train, and directed the jury that if it believed from the evidence that the servants of the company failed to announce said station or to allow reasonable time for plaintiff to alight from the train, or failed, after notice by him to the conductor, to stop said train and allow plaintiff to alight therefrom, it should find for him such damages as would reasonably compensate him for the hack fare which he was obliged to pay in order to return to south Louisville, not to exceed two dollars. This instruction was more favorable to appellant than the law approves under the facts proven in the case. The jury found for him under this instruction $1.75. The second instruction directed the jury to find for the plain-

tiff Hatfield if the railroad failed to carry in its train, at that time, a sufficient number of passenger coaches to comfortably accommodate all passengers reasonably to be expected on the train upon that occasion. It appears from the evidence that the train carried twice as many coaches upon the day in question, which was Sunday, as it ordinarily carried; that the number of coaches it usually carried was sufficient to comfortably accommodate all passengers by providing seats for them; that on the day of which complaint is made the traffic was much heavier than usual; that there was nothing by which those in charge of the train or the director general could have reasonably anticipated such an enormous crowd on that occasion. This being true, the railroad company was not negligent in failing to put on other additional coaches, nor in receiving the plaintiff as a passenger. 4 R. C. L., p. 1076; 10 Corpus Juris, pp. 805, 806. The rule is otherwise, however, when a railroad company in the usual course of business, or from facts in its possession, should anticipate a greater number of passengers than its usual quota of coaches will reasonably accommodate. In such case it is the duty of the carrier to put on sufficient coaches to provide its passengers with seats, and a failure to perform this duty renders the company liable for any injury or wrong suffered by passengers during the journey as a proximate result of the crowded condition of the coach. Thompson on Negligence, Vol. 3, section 2572. The instruction given by the court on this subject was as favorable to appellant as the law would warrant.

No error appearing to the prejudice of the appellant, the judgment is affirmed.

Judgment affirmed. Judge Moorman not sitting.