TERRE HAUTE, INDIANAPOLIS AND EASTERN TRACTION COMPANY v. SCOTT.

[No. 25,130.    Filed February 18, 1926.    Rehearing denied April 27, 1926.]

1.  PLEADING.—*On demurrer after improperly overruling motion to require plaintiff to state facts on which conclusions in his complaint are based, no facts implied by said conclusions to sustain the complaint will be considered.*—The overruling of a motion to require the plaintiff to plead the facts on which certain conclusions in his complaint are based, when such mo-

tion should have been sustained, must be deemed a decision of the trial court, procured by, and binding on, the plaintiff, that all the facts relied on by him to support said conclusions were already stated in the complaint, and no facts not therein alleged will be implied from said conclusions to sustain the complaint on demurrer or considered in determining the sufficiency of the complaint.   p. 592.

2. CARRIERS.—*Carrier's liability to passenger for wrongful acts of third persons rests on negligent failure of the carrier to furnish passenger the protection required by law and by the means available.*—A carrier's liability to a passenger for damages because of wrongful acts of persons not in its employ is based on the negligent failure of the carrier and its employees to afford the passenger that protection which the law requires should be given him, and by the means which were available to them.   p. 592.

3. CARRIERS.—*Railroad company is required to exercise reasonable and ordinary care for the safety of its passengers.*—The care which a railroad carrier should exercise for the safety of its passengers is reasonable and ordinary care, such as a person of ordinary prudence would regard as reasonably necessary and proper under the circumstances.   p. 592.

4. CARRIERS.—*Railroad company not insurer of safety of its passengers as against felonious acts of third persons, but may be liable for negligent failure or refusal of its employees to afford such protection as they could in the exercise of ordinary care.*—A railroad carrier is not an insurer of the safety of its passengers as against felonious acts done by persons not in its employ and over whom it has no control, though it may be liable for the negligent failure or refusal of its employees to afford a passenger protection when they could have protected him and prevented his injury by the use of means at their command, in the exercise of reasonable care.   p. 596.

5. CARRIERS.—*Complaint against railroad company for injuries received in an encounter with robbers on one of its cars held insufficient.*—In an action against a railroad company for damages for personal injuries suffered in an encounter with robbers on one of its cars, the complaint was *held* insufficient for failing to show that the defendant and its servants could have prevented the injuries complained of by the exercise of reasonable care and negligently failed to do so.   p. 596.

6. CARRIERS.—*Instruction entitling injured passenger to recover if he had proved all material averments of his complaint was error when complaint insufficient.*—In an action against a railroad company for damages for failure to protect the plaintiff from robbers while a passenger on one of its cars, an instruction that plaintiff was entitled to recover if he had proved all

the material allegations of his complaint was error where the facts averred did not constitute a cause of action.　p. 597.

7. CARRIERS.—*Instruction asserting carrier's liability for injury, to passenger by robber if conductor saw the assault and could have gone to the rescue, but did not, held erroneous.*—In an action against a railroad company for damages for failure to protect a passenger from robbers, an instruction to the effect that the defendant was liable if its conductor saw the robber assault the plaintiff and, by the exercise of reasonable care, "could have gone to the rescue," but did not do so, was erroneous where it contained no reference to the ability of the conductor to have prevented the injury to the plaintiff.　p. 598.

From Boone Circuit Court; *Frank E. Hutchinson*, Judge.

Action by Otis Scott against the Terre Haute, Indianapolis and Eastern Traction Company. From a judgment for plaintiff, the defendant appeals. [Transferred to the Supreme Court under §1357 Burns 1926, §1394 Burns 1914.] *Reversed.*

*McNutt, Wallace, Harris & Randel* and *Beasley, Douthit, Crawford & Beasley*, for appellant.

*H. W. Phipps, Frank S. Roby, James W. Sweeney* and *W. O. Bundy*, for appellee.

EWBANK, C. J.—Appellee, as plaintiff, sued appellant, as defendant, seeking to recover damages for personal injuries suffered in an encounter with robbers on one of defendant's interurban cars. Defendant's motion to make certain averments of the amended complaint more specific having been overruled, it then filed a demurrer to the amended complaint for the alleged reason that it did not state facts sufficient to constitute a cause of action against defendant, and filed a memorandum specifying that the amended complaint did not plead facts showing that defendant had violated any duty which it owed to plaintiff, and did not contain any charge of the negligent violation of such a duty, nor any charge of negligence. This demurrer was overruled

and defendant excepted. Defendant then filed an answer of general denial, and the issue thus formed was submitted to a jury for trial, and a verdict was returned in favor of plaintiff for $2,000 damages. A motion for a new trial for the alleged reasons, among others, that the trial court erred in giving each of certain instructions, was overruled and defendant excepted. Overruling the demurrer to the complaint and overruling the motion for a new trial are assigned as errors.

The amended complaint alleged, in substance, that plaintiff was a passenger on an interurban car on defendant's railroad, riding north from the station where he entered the car toward the city of Terre Haute; that the car was being operated by defendant by a conductor and motorman in its employ, who were, "required to safeguard the passengers thereon, and said employees were each required to take notice of peril and danger to the passengers of said car when the same was discovered or could be discovered by the exercise of reasonable care by them. That said conductor was vested with police power and it was his duty to protect defendant's passengers from violence, assault or robbery." That said car contained a large number of passengers. "That between the stations of Pimento and Terre Haute the said car was boarded by two robbers who proceeded to hold up and rob this plaintiff and the other passengers by violence and by putting them in fear. That said robbers with guns intimidated the passengers, including this plaintiff, all of which defendant's conductor and motorman knew, and knowing which they wilfully and unlawfully refused and failed to interpose. That this plaintiff called upon defendant's said employees to defend him and assist him in the apprehension of said robbers and to arrest and detain said robbers then violating the law, but the said

conductor climbed out of the window of the car and fled, leaving plaintiff to make such defense for himself and his property as he could.   That this plaintiff did endeavor to protect himself against said robbers and to prevent himself from being robbed by grasping the revolver then and there held by one of said robbers and struggling for the possession of the same.   That this plaintiff was unable to overcome said robber without assistance which said employees then and there refused to render, and that as a result thereof this plaintiff, in his struggle with said robber was severely injured * * * and that such injuries were received in an effort to protect himself and his property after the defendant's said employees had failed and refused to give such protection * * * (And, after describing his injuries), that plaintiff's injuries were caused wholly by the failure of defendant's agents and employees to give him that protection to which he was entitled as a passenger in defendant's passenger car, and without any fault of the plaintiff."

The motion to make the complaint more specific asked that plaintiff be required to state the facts on which he based each of the conclusions as follows:   (1) That the trainmen were "required to safeguard the passengers thereon"; (2) that "said employees were each required to take notice of peril and danger to the passengers of said car when the same was discovered or could be discovered by the exercise of reasonable care by them"; (3) "that said conductor was vested with police power"; (4) that "it was his duty to protect defendant's passengers from violence, assault or robbery"; (5) that "plaintiff's injuries were caused wholly by the failure of defendant's agents and employees to give him that protection to which he was entitled as a passenger in defendant's passenger car"; and (6) that

when the conductor fled he did so "leaving plaintiff to make such defense for himself and his property as he could."

We think, as to the specifications numbered five and six, that this motion to make the averments of the complaint more specific in the particulars mentioned

**1.** was well taken. Therefore, overruling the motion must be deemed a decision by the trial court, procured by and binding upon the plaintiff, that all the facts relied on by him to support the general averments of conclusions that plaintiff's injuries were caused by the failure of defendants' employees to protect him and that he was left to make such defense as he could were already stated in the amended complaint, and no facts not therein alleged will be implied by reason of the allegations of conclusions which were thus unsuccessfully challenged by said motion. *Terre Haute, etc., Traction Co.* v. *Phillips* (1921), 191 Ind. 374, 380, 132 N. E. 740, 742; *Tecumseh, etc., Mining Co.* v. *Buck* (1922), 192 Ind. 122, 128, 135 N. E. 481, 483; *Enterprise, etc., Pub. Co.* v. *Craig* (1924), 195 Ind. 302, 144 N. E. 542, 543; *Payne, Director,* v. *Shelton* (1922), 78 Ind. App. 123, 126, 134 N. E. 919.

The foregoing complaint, as thus construed, did not aver any facts tending to show that defendants' employees could have coped successfully with the

**2, 3.** armed robbers, or by the exercise of reasonable care could have prevented the injury complained of. It stated no facts tending to show that the conductor or motorman, by the exercise of reasonable care with the means at their command could have protected plaintiff from the robbery and prevented the robbers from injuring him. And although it alleged a number of conclusions, as above set out, it did not even allege a conclusion to that effect. And it did not charge that anything alleged to have been done or omitted by the

defendant or its employees was negligently done or omitted. On the contrary, it expressly alleged that the employees "wilfully" refused to interfere. The nearest it came to alleging that the trainmen negligently failed to do anything they could have done to protect plaintiff was the allegation that plaintiff's injuries were caused wholly by the failure of defendant's employees to give him that protection to which he was entitled as a passenger. But even this did not characterize such failure as negligent, while it stated a mere conclusion drawn from undisclosed facts, and the plaintiff refused, under the sanction of the ruling of the trial court, to set out any facts in support of such conclusion when called on to do so by a motion to make the complaint more specific.

The felonious act of the robbers committed while they were in defendant's car was not the foundation of plaintiff's right of action against the defendant, if he had one. But whatever right of action he may have had, if any, was based upon the facts that circumstances existed by reason of which defendant owed plaintiff a duty to protect him from the injury he sustained, and that defendant and its servants either did something which the law required them to refrain from doing, or omitted to do something which the law required them to do, under those circumstances, and thereby violated such duty. In other words, any responsibility of the carrier for injuries sustained by a passenger through the wrongful acts of robbers who invaded the car on which he was riding does not flow directly from the injuries sustained, but rests upon the principle that it was the duty of the railroad company to convey its passengers in comfort and safety, so far as that could be accomplished by the exercise of good faith and due care on the part of itself and its employees. *Connell*

v. *Chesapeake, etc., R. Co.* (1896), 93 Va. 44, 62, 24 S. E. 467; *Lake Erie, etc., R. Co.* v. *Arnold* (1901), 26 Ind. App. 190, 193, 59 N. E. 394; *Repp* v. *Indianapolis, etc., Traction Co.* (1916), 184 Ind. 671, 111 N. E. 614; *Savannah, etc., R. Co.* v. *Boyle* (1902), 115 Ga. 836, 42 S. E. 242, 59 L. R. A. 104; *Hatfield* v. *Payne, Agent* (1922), 195 Ky. 310, 312, 242 S. W. 32; *Hall* v. *Seaboard, etc., R. Co.* (1921), 84 Fla. 9, 18, 93 So. 153.

So far as our investigation has extended, the courts are unanimous in holding that where a carrier is liable to a passenger for damages because of the wrongful acts of persons not in its employ, whether fellow passengers, or robbers or other strangers, the basis of such liability is the negligent failure of the carrier and its employees to afford the passenger that protection which, in the exercise of such care as the law required them to use, and by the means which were available to them, they could and should have given him. Thus, where a passenger was assaulted and robbed on the steps of a street car, the Supreme Court of Indiana said: "The complaint before us, however, clearly shows a breach of appellee's duty to use ordinary care to protect appellant's effects from loss or injury. It is there charged that the robbery of appellant occurred in the full view of appellee's conductor and under circumstances which would have enabled him to have interfered and prevented the loss of appellant's money. His failure so to do was beyond doubt a failure to exercise ordinary care to protect appellant's personal effects and, under the rules above referred to, the charge contained in appellant's complaint, if sustained by proof, is sufficient to warrant a recovery for the loss of so much of his money as was included within the contract of carriage." *Repp* v. *Indianapolis, etc., Traction Co., supra,* page 677.

In another case, where the pocket of a passenger was picked and eighty-six dollars and forty cents was taken

while he stood in a crowded passenger coach, the court said: "The railroad company, as a general rule, is not liable for torts committed by one passenger upon another, unless the conductor or other servants in charge of the train knew, or by the exercise of ordinary care could have known, of the purpose or intention on the part of the tort feasor to commit the wrong against his fellow passenger, and with such knowledge failed to exercise reasonable care to prevent such wrong and to protect the passenger against whom it was directed." *Hatfield* v. *Payne, Agent, supra.*

And where a passenger was forcibly ejected from a train by his fellow passengers and was prevented by them from getting on board when the train started, and thus was prevented from getting to his destination until many hours after the train arrived, the court held the complaint insufficient for lack of an averment of facts showing that the defendant was guilty of negligence, saying: "It seems to be the rule, with but few exceptions, in the courts of this country and England, that a railroad carrier is bound to exercise a high degree of care to protect its passengers from injury by third persons, and that while the carrier must exercise a high degree of care, it is not liable if such care is used, there being no liability unless there is negligence." *Lake Erie, etc., R. Co.* v. *Arnold,* supra, p. 193.

And where a passenger in a sleeping car was shot and killed by an intruder, and the trial court had sustained a demurrer to the complaint of his personal representatives seeking to recover damages for his death, because the facts alleged did not show that any negligence of the defendant was a proximate cause of his death, the Supreme Court of Virginia, in affirming the judgment, said: "The responsibility of the carrier does not flow directly from the injuries sustained, but rests upon the principle that it is the duty of railroad and sleeping

car companies to convey their passengers and guests in comfort and safety; and while not directly responsible to a passenger for a wrong inflicted by an intruder, or stranger, or fellow-passenger, they are responsible for such injury if it appear that the companies knew, or ought to have known, that danger existed or was reasonably to be apprehended, and that they could, by the use of the agencies at their disposal, have prevented the mischief." *Connell* v. *Chesapeake, etc., R. Co., supra,* p. 62.

The care which a railroad carrier is required to exercise for the safety and comfort of passengers on its cars is reasonable and ordinary care, such as a person of ordinary prudence would regard as reasonably necessary and proper under the circumstances. *Union Traction Co.* v. *Berry, Admr.* (1919), 188 Ind. 514, 521, 526, 121 N. E. 655, 124 N. E. 737, 32 A. L. R. 1171; *Terre Haute, etc., Traction Co.* v. *Phillips, supra.*

A railroad carrier is not an insurer of the safety of its passengers as against the consequences of felonious acts done by persons not in its employ and over whom it has no control. *Jeffersonville R. Co.* v. *Hendricks* (1866), 26 Ind. 228, 231; *Louisville, etc., Traction Co.* v. *Korbe* (1910), 175 Ind. 450, 453, 93 N. E. 5; *Lake Erie, etc., R. Co.* v. *Arnold, supra; Savannah, etc., R. Co.* v. *Boyle, supra; Connell* v. *Chesapeake, etc., R. Co., supra;* 3 Thompson, Negligence §2721. Though it may be held liable for negligent failure and refusal of its employees in charge of its train to afford a passenger protection where they could have protected him and prevented the injury by the use of means at their command, in the exercise of reasonable care. *Repp* v. *Indianapolis, etc., Traction Co., supra,* pp. 674, 677; See, also, *Pinkus* v. *Pittsburgh, etc., R. Co.* (1916), 65 Ind. App. 38, 46, 114 N. E. 36.

But the mere fact that when the robbers, with loaded guns, "intimidated the passengers," the servants of the carrier in charge of the train also were "intimidated" and did not defend the passengers or apprehend, arrest and detain the robbers, was not enough to establish liability on the part of the carrier for damages for a personal injury which the robbers inflicted on a passenger. The mere presence of the conductor and his authority as a police officer do not, of themselves show that with means at his command by the exercise of reasonable care he could have prevented two robbers with loaded guns who entered the passenger car and "proceeded to hold up and rob the passengers by violence" from inflicting a violent injury on one of those passengers who "grasped the revolver held by one of the robbers and struggled for its possession." The ability of the conductor, in the exercise of reasonable care, to prevent such injury might depend on one or more of a number of facts not mentioned in the complaint, and the liability of the carrier for his act or default would depend upon his negligent failure to do what, in the exercise of reasonable care, he could and should have done. The failure of the complaint to allege facts showing that the defendant and its servants could and should have prevented the injury complained of by the exercise of reasonable care, and negligently failed to do so, makes it insufficient, and the trial court erred in overruling the demurrer thereto. *Lake Erie, etc., R. Co.* v. *Arnold, supra; Connell* v. *Chesapeake, etc., R. Co., supra; Hatfield* v. *Payne, Agent, supra.*

At the trial, the court gave an instruction at the request of plaintiff, by which he stated that the complaint had been answered by a general denial, and that,

6. "under the issue as thus formed, the burden is on the plaintiff to prove by a fair preponderance of the evidence all the material averments of his complaint,

and if he has done so and you further find that he was without fault or negligence on his part contributing to his injury, if any, if shown by the evidence, which he received, then I instruct you that you should find for the plaintiff." Since the jury would have the right to take the complaint with them upon retiring for deliberation, they might not improbably refer to it, under authority of this instruction, when considering the question whether or not plaintiff was entitled to recover, to determine whether or not the alleged cause of action had been established by proof. And as the facts stated in the complaint did not constitute a cause of action, it was error to give such an instruction by which the jury was told that if plaintiff had proved the facts averred in an insufficient complaint, it should find in his favor. *Prudential Ins. Co.* v. *Ritchey* (1918), 188 Ind. 157, 162, 119 N. E. 369.

Another instruction given at the request of plaintiff, which made the liability of defendant depend on the fact that when plaintiff, being a passenger, was 7. assaulted by the robber and grappled with him, defendant's conductor saw the situation and by the exercise of ordinary care "could have gone to the rescue," but did not do so, without reference to whether the conductor had the ability and could thereby have prevented the injury to plaintiff, was also erroneous for the reasons stated above.

Other errors discussed by counsel may not arise in case the complaint shall hereafter be amended and the cause again tried on new issues thus formed.

The judgment is reversed, with directions to sustain the demurrer to the complaint.