PIER *v.* SCHULTZ ET AL.

[No. 30,254. Filed May 14, 1962. Rehearing denied July 9, 1962.]

*James P. Gleason* and *Conrad S. Kominiarek*, both of Michigan City, for appellant.

*McInerny & Huguenard*, and *William F. McInerny*, of South Bend, for appellees.

ACHOR, C. J.—This case comes to us on petition to tranfser from the Appellate Court under §4-215, Burns' 1946 Repl. See: *Pier v. Schultz* (1961), 177 N. E. 2d 264.

This is an action to recover damages for medical expenses and loss of services resulting from personal injuries sustained by appellant's son.

Appellees filed a motion to require appellant to make the complaint more specific by stating specifically the facts in support of the conclusions therein stated. The motion was overruled. Appellees then filed a demurrer, challenging the sufficiency of the complaint to state a cause of action. The demurrer

was sustained. The appellant refused to plead over and judgment was entered against him and this appeal followed.

The question presented by this appeal is whether the court erred in sustaining the demurrer. In determining this question, we must accept all facts well pleaded as being true. Flanagan, Wiltrout & Hamilton Indiana Trial and Appellate Practice §146, and authorities there cited.

The essential allegations in the complaint are as follows: Appellees owned two unimproved lots in Michigan City, Indiana, which had become overgrown with second-growth trees, bushes and long grass. For many days prior to the injuries received by appellant's son, the exact number of days being unknown to the appellant, appellees had permitted old building materials, buckets, cans, steel barrels, boxes, and parts of a discarded electric motor, to accumulate and remain on said lots; that various children in the neighborhood were accustomed to play on these lots which had become particularly attractive to small children to sport and play thereon; that there had lain on the lots a steel barrel containing a greasy substance, the exact nature of which is unknown to the appellant, in such condition as to be subject to explosion with great force and violence when ignited; that appellant does not know whether appellees had actual knowledge of the facts alleged but that such condition had existed for such a length of time that the appellees should have known of them; that the son [then nearly nine years and ten months old], and three other children of approximately the same age, were playing and sporting upon appellees' lots when one of the other children dropped a lighted match into the steel barrel which exploded with great

force and violence and inflicted the injuries complained of.

The appellant, in alleging negligence by the appellees, points to various alleged failures by the appellees as the proximate cause of the injuries, such as failure to fence the premises and to warn immature children by a watchman or guard, or to take precautions to keep them off the premises; failure to place warning signs; failure to remove the steel barrel; failure to render the barrel non-explosive, and failure to put a barricade around the barrel so that immature children could not ignite the explosive substance in the barrel.

Since it is not alleged that the instrumentality, of which appellant complains, was of such character that its presence upon the property of appellees created a condition comparable to an entrapment, and since it is not alleged that the appellees, as owners of the property, committed any positive act or exercised any positive control over the instrumentality, regardless of its character, and since it affirmatively appears from the complaint that the person injured was either a trespasser or a mere licensee by permission upon the property of appellees, the complaint does not state facts sufficient to constitute a cause of action under the general rules of negligence.[1]

---

1. "[T]he licenser owes the licensee no duty, *certainly not the duty of active diligence* to see that no harm comes to him, and when the latter, without any invitation, and pursuant to a mere license, enters the former's premises, he takes the risk of whatever dangers may be there.

. . . . .

We think that the authorities fully establish the rule that the licenser owes to the mere licensee no duty except that of abstaining from any positive wrongful act which may result in his injury, . . ." *Woodruff, Administratrix v. Bowen* (1893), 136 Ind. 481, 441, 442, 34 N. E. 1113. [Emphasis added.]

We next consider whether the complaint stated facts sufficient to constitute a cause of action within the attractive nuisance doctrine of the law of torts. The courts of this state have consistently held that in order for the doctrine of attractive nuisance to apply, the following facts must be made to appear: (1) The structure or condition complained of must be maintained or permitted upon the property by the owner or the occupant thereof. (2) It must be peculiarly dangerous to children and of such a nature that they will not comprehend the danger. (3) It must be particularly attractive to children and provide a special enticement for children to play or sport thereon. (4) The owner must know, or the facts alleged must be such as to charge him with constructive knowledge of the existence of such structure or condition, and that children do, or are likely to, trespass upon his property and be injured by such structure or condition. (5) The injury sustained must be the natural, probable and foreseeable result of the original wrong complained of. *Indianapolis Water Co.* v. *Harold* (1908), 170 Ind. 170, 83 N. E. 993; *Indianapolis Motor Speedway Co.* v. *Shoup* (1929), 88 Ind. App. 572, 165 N. E. 246. See also: *Neal, Admr.* v. *Home Builders, Inc.* (1952), 232 Ind. 160, 111 N. E. 2d 280; *Lockridge* v. *Standard Oil Co. Inc.* (1953), 124 Ind. App. 257, 114 N. E. 2d 807.

In determining the sufficiency of the allegations of the complaint we are, in this case, confronted by the fact that appellees filed a motion to make the complaint more specific by particularly stating the facts in support of the conclusions alleged in the complaint. The motion specifically made reference to the alleged conclusion, among others, that appellees "knew or should have known"

of the condition complained of. The motion was overruled, when it should have been sustained. Under these circumstances the action of the court must be deemed a decision of the court, procured by, and binding upon, the appellants, that all the facts relied upon by them to support said conclusion were already stated in the complaint, and no facts not therein pleaded, will be implied from said conclusion to sustain the complaint on demurrer or considered in determining the sufficiency of the complaint. *Terre Haute, etc., Traction Co.* v. *Scott* (1926), 197 Ind. 587, 150 N. E. 777.

Under the pleadings in this case, the facts alleged are not sufficient to state a cause of action within the attractive nuisance doctrine for several reasons. We seriously question whether the mere fact that a steel barrel with a greasy substance in it is left upon a vacant lot with other debris is sufficient cause to charge the owner of the lot with negligence, much less liability under the doctrine of attractive nuisance. However, we have elected to decide the case on another issue.

Knowledge of the hazardous condition, either actual or constructive, is necessary to invoke the doctrine of attractive nuisance against a landowner.

As stated above, to bring the case within the attractive nuisance doctrine, it must appear that the owner knew of the structure or condition complained of, or facts must be alleged from which constructive knowledge with respect thereto will be inferred. Here, the only facts alleged from which such constructive knowledge could be inferred, are that appellees owned the land, and that the condition complained of had existed for an unspecified length of time, elsewhere described in the complaint

as "many days." Obviously the complaint does not purport to allege actual knowledge on the part of the owner. Neither does the complaint allege facts sufficient to charge the appellees with constructive knowledge. The complaint merely alleges that the appellees permitted the described debris to accumulate upon their land, but knowledge cannot be imputed from the allegation standing alone. To be charged with such constructive knowledge, it must be made to appear that the owners actually maintained this condition, that it existed by their actual consent, or that their consent could be implied from their active use or occupancy of the land. Such facts are not alleged in the complaint.

At one point in the complaint, appellant alleged that appellees "knew or should have known" of the condition complained of.[2] At another point in the complaint, appellant affirmatively alleged that he "does [did] not know whether the defendants, . . . had actual knowledge of the facts alleged . . . but that such conditions had existed for such a *length of time* that said defendants should have known of the existence of each and all of the conditions therein described." [Our emphasis.] However, under the other pleadings in the case, the mere passing of time was not cause for imputing knowledge of the hazardous condition of the barrel to the appellees.

Therefore, under the pleadings before us, no facts are alleged which would charge the appellees with

---

2. When an allegation is in the alternative, as where it is alleged that the defendant "knew or should have known" of a particular fact or condition, and a motion to make more specific is addressed to the pleading, which motion is overruled, the allegation will be treated no stronger than the weakest alternative. 71 C. J. S. *Pleading*, §41, *p.* 110 (1951).

knowledge of the alleged hazardous condition of the properties or instrumentality thereon other than the existence of such condition for an unspecified number of days. This allegation is not sufficient to charge the appellees with such knowledge as to invoke the doctrine of attractive nuisance.

In defense of his complaint, appellant asserts that the allegation that appellees "should have known" of the condition complained of is an allegation of ultimate fact and not a conclusion, and, therefore, that the allegation was sufficient against demurrer. In support of this contention, appellant cites and relies upon the case of *Louisville, Evansville and St. Louis, etc., R. R. Co.* v. *Miller, Admx.* (1895), 140 Ind. 685, 686-687, 40 N. E. 116. In that case, in which the complaint alleged both actual knowledge and facts from which constructive knowledge could be inferred, this court stated: "[T]he allegation of knowledge includes constructive knowledge, which is that knowledge chargeable to the master from an opportunity, by the exercise of ordinary care, to know."

The rule above enunciated (although dicta) was consistent with the facts of the particular case, but is not applicable to the facts with which we are here presented. In the above case, the appellees operated a railroad, which it was their duty to maintain and inspect for defects in its roadway. The complaint alleged that appellant was negligent in that it supplied defective cars upon which the decedent was required to work, a track which was defective in materials and construction, and that appellant failed to supply track inspectors to ascertain the safe condition of its roadway; that by reason of such negligence the track gave way, the cars broke down, and

appellee's decedent (a conductor) was killed thereby. Under these allegations of fact this court stated:

"While not intending to hold here that it is necessary to the liability of the master that he shall have knowledge of defects for a sufficient time to permit repairs, we do hold that the allegation of *knowledge includes constructive knowledge, which is that knowledge chargeable to the master from an opportunity, by the exercise of ordinary care,* to know.

In the present case, it may be seriously questioned *if the complaint does not allege conditions which ordinary care would charge the company with knowing, . . .*" [Our italics.]

The only conclusions which we can draw from the above case is that the court stated that actual knowledge could be inferred from other facts and circumstances specifically alleged in the complaint. There are no such allegations in the case at bar. Thus the Miller case, *supra,* and the case at bar are clearly distinguishable.

We conclude, therefore, that the trial court correctly sustained appellees' demurrer to the appellant's complaint.

Judgment affirmed.

Bobbitt and Jackson, JJ., concur.

Arterburn and Landis, JJ., concur in the result.

NOTE.—Reported in 182 N. E. 2d 255.