BORINSTEIN ET AL. V. HANSBROUGH

[No. 17,735. Filed November 19, 1948. Transfer denied March 4, 1949.]

*Joseph & Dann,* of Indianapolis; and *Brown, Edwards & Millikan,* of Newcastle, for appellants.

*William A. Boyce, Jr.,* of Indianapolis; and *Benson & Yost,* of Newcastle, for appellee.

HAMILTON, J.—This is an appeal from a judgment rendered in an action by appellee against appellants to recover damages for personal injuries sustained by appellee as a result of appellants' alleged negligence in maintaining an "attractive nuisance."

Issues were joined and the cause submitted to trial by jury which returned its verdict in favor of appellee and against appellants upon the first paragraph of appellee's third amended complaint in the sum of $14,000. After a remittitur in the sum of $5,000, the court overruled appellants' motion for a new trial and rendered judgment upon the verdict, as remitted, in favor of appellee, and this appeal followed.

The error assigned and not waived is the overruling of appellants' motion for a new trial, which assigns as reasons therefor: (a) The verdict is not sustained by sufficient evidence, and (b) that the verdict is contrary to law.

Appellants most earnestly contend that the case made by the evidence is not the case stated in the complaint and therefore the verdict is not sustained by sufficient evidence and is contrary to law.

This contention requires an examination of the material allegations of the first paragraph of appellee's third amended complaint, hereafter referred to as the complaint, and a review of the evidence most favorable to the appellee.

The complaint alleges that on, and prior to, Sunday, September 3, 1939, the appellants were engaged in the

business of buying, selling, storing, shipping, fabricating, and otherwise dealing in new and second-hand iron, steel, and other metal alloy pipes, rods, beams, forms, shapes, and angles, commonly known as a junkyard. That the main office and plant owned and operated by said defendants was located at 201-281 South East Street, Indianapolis, Indiana, being on the east side of said street and south of East Georgia Street in said city. Said defendants, in the conduct of their business, maintained storage plots on the west side of said South East Street and across the street from their main office and plant at 201-281 South East Street; that said storage plots were divided by the vacated portion of what was formerly East Georgia Street, as it extended in a westerly direction from the west line of said South East Street; that the storage plot to the north of said vacated portion of East Georgia Street, and running parallel to and extending west from the west sidewalk area of said South East Street, was not enclosed by a fence nor shut off from contact with or access by pedestrians using the public sidewalk area on the west side of said South East Street, and in this last described storage plot, which was unenclosed, said defendants, in the conduct of their business, kept stored and stacked in rows of open piles, heavy iron and steel beams and angles alongside of, immediately adjacent to, and at some points, protruding into the public sidewalk area on the west side of said South East Street.

That on Sunday, September 3rd, 1939, and for a long time prior thereto, said defendants, in the conduct of their business as aforesaid, negligently maintained on their unenclosed storage plot on the west side of South East Street and between the vacated portion of East Georgia Street on the South and the Railroad Yards

on the north, an attractive nuisance to minor children of tender years and immature judgment in this, to wit: That said defendants, on said storage plot, had stored in open piles large numbers of very heavy steel and iron beams, angle-irons and other heavy metal shapes and forms, arranged in stacked piles, with the ends of said piles adjacent to, alongside of, and protruding into, the public sidewalk area on the west side of South East Street, a public thoroughfare in the City of Indianapolis, where it was customary for pedestrians, including children of tender years and immature judgment, to walk while on their way to and from a motion picture theater situated on East Washington Street near its intersection with South East Street. That at said time and place said defendants, knowingly, carelessly and negligently, maintained the aforesaid unprotected piles of heavy iron beams in such manner adjacent to a public sidewalk area as to cause young children to be attracted to them and to climb up and down said piles of iron beams, and to play along the tops of said open piles of iron beams by reason of their attractiveness to the play instinct inherent in young children; that the defendants' pile of iron beams stacked at the southeast corner of said storage plot immediately adjacent to the sidewalk area on the west side of South East Street and the vacated portion of East Georgia Street was loosely and negligently stacked, adjacent to a public utility pole situated at said place, by being insecurely held together without any protective stakes, ropes, or wire and that on top of this particular pile of loosely stacked iron beams were several heavy iron beams weighing approximately two hundred fifty pounds each which said defendants had negligently and carelessly thrown on top of said pile by allowing the same to totter pre-

cariously at an angle to the other iron beams in said pile and which, consequently, would fall easily from the said pile upon a slight pull or tug on same.

That for a long time prior to September 3, 1939, it had been customary for young children in the vicinity, in passing by said premises while on their way to and from East Washington Street, to climb upon and walk along the said piles of iron beams to test their youthful skill in balancing themselves while walking on said angle-beams stacked in said storage plot and as an expression of their youthful instinct to play upon stacked piles of iron beams and similar materials as aforesaid; that at all times mentioned herein, and for a long time prior thereto, said defendants knew, or could have known, by the exercise of reasonable diligence, of the aforesaid custom of young children of the neighborhood in playing around and upon said piles of iron beams on said storage plot and that defendants knew, or could have known by the exercise of reasonable diligence, of the dangers inherent in said custom by children of tender years and immature judgment and unable to apprehend or anticipate hidden perils or dangers; that said defendants knew, or could have known by the exercise of reasonable diligence, of the dangerous condition of the pile of iron beams piled at the southeast corner of said storage plot adjacent to a certain utility pole, and that said defendants, having knowledge, or constructive knowledge, of the aforesaid facts, negligently failed to take reasonable precautions to protect the safety of young children likely to be attracted or enticed to climb upon and walk upon said iron beams from the adjacent public sidewalk area of South East Street, and to whom said defendants owed the duty of guarding from injury from the exposed and dangerous condition of said premises.

That on Sunday, September 3, 1939, at about the hour of six o'clock P. M., the plaintiff, who was eight years of age the preceding 27th day of April, 1939, while on his way home from attending a motion picture theater on East Washington Street with other neighborhood children and relatives, and while walking southward on the west side of South East Street with another boy of like age, was attracted to and climbed upon a pile of iron angle-beams stacked immediately adjacent to the sidewalk area where they were walking and on the premises leased and controlled by said defendants as aforesaid, and, together with the other boy, proceeded to walk along said piles of iron beams toward the south edge of said storage plot bounded by the vacated portion of East Georgia Street; that this plaintiff, together with other children of the neighborhood of similar age, including his brothers and sisters, had long been in the habit of testing their balancing skill by walking along the top of said piles of iron beams on said storage plot and had never been warned away from said premises by any of said defendants or their agents or employees; that plaintiff, together with other children of tender years of the neighborhood, had been attracted to said piles of iron beams by reason of their accessibility to the sidewalk area of South East Street, and the manner in which the iron beams were stacked made it possible for plaintiff and other children to test their skill in balancing themselves while walking along said angle beams, and the height to which they were piled permitted them to look over the heads of adults walking along South East Streeet, all of which was attractive to their childish instincts; all of which facts could have been easily anticipated by said defendants by the exercise of reasonable prudence.

That as this plaintiff and his boy friend approached the south end of said storage plot along the top of said piles of beams, the other boy climbed down safely from the pile of beams next to a certain utility pole at the southeast corner thereof and this plaintiff, in attempting to climb down from the same pile of iron beams to the surface of East Georgia Street (as vacated), grasped the edge of the angle-beam lying loosely on top of said pile and which was lying on an angle to the other beams in the pile and which the defendants had negligently and carelessly placed on said pile without being firmly secured thereto, which easily gave way and fell upon him, throwing him suddenly to the brick surface of the vacated portion of East Georgia Street, and the end of said angle-beam, which weighed approximately two hundred fifty (250) pounds, struck this plaintiff's left ankle, knocking it against the brick surface of the street with great force, cutting through his shoe leather and into the flesh of his left ankle to the bones of the ankle joint, crushing his ankle joint and splintering the bones thereof and further injuring and damaging him grieviously as more fully appears hereinafter.

An examination of the record discloses ample evidence to sustain the following facts: That on and prior to September 3, 1939, the defendants owned, operated and maintained a junkyard at No. 201-281 South East Street in the City of Indianapolis, Marion County, Indiana; that in connection therewith defendants maintained storage plots on the west side of South East Street and upon a vacated portion of what formerly was known as East Georgia Street, which extended west from the west sidewalk of South East Street; that said storage plot was open and not enclosed by any fence, nor shut off from contact with or access by pedestrians using the public side-

walk on and along the west side of South East Street; that in said storage plot said defendants kept stored and stacked in rows of open piles, heavy iron and steel beams and angles alongside of and immediately adjacent to, and at some points, protruding into the sidewalk on the west side of South East Street. That for many years prior to September 3, 1939, children were in the habit of climbing upon said piles of iron and would walk upon and along the same to test their skill in balancing themselves while so walking on said iron and angle beams; that defendants, knew, or by the exercise of reasonable diligence could have known of, the habit and custom of young children in climbing upon and walking along and on said iron and angle beams; that defendants failed to take any reasonable precautions to protect the safety of young children attracted to and enticed to climb upon and walk along said iron and angle beams. That on and prior to September 3, 1939, said piles of iron and angle beams were stacked at the southeast corner of said storage plot immediately adjacent to the sidewalk on the west side of South East Street; that said iron and angle beams were loosely stacked adjacent to a public utility pole situated at said place and were stacked one upon the other to a height of four to five feet and on the top of said pile there were several heavy iron beams, each weighing approximately 250 pounds, which defendants had caused to be placed there in such a manner as to allow said beams to totter and in such a position that they were loose and would move, slip, and fall easily from said pile upon a slight pull, tug, or push on the same by any outside force; that said iron and angle beams were not stacked with any pieces of wood between them and there were no protective stakes, ropes, or wires around said beams.

That on Sunday, September 3, 1939, the appellee, who at that time was eight years of age, together with other children was returning to his home from attending a motion picture theater and was walking southward along the west side of South East Street; that appellee and another boy of like age climbed upon the pile of iron beams described as aforesaid and proceeded to test their skill in balancing by walking along the top of said angle beams; that, when the other boy reached the south side of said pile of angle beams, he jumped and then turned and called to appellee and stated that appellee could not jump as far as he had done; that when appellee reached the south side of the pile of beams, he did not jump as the other boy had done but proceeded to climb down off of said pile of iron and angle beams and in so doing he tripped and fell and one of the loose beams which was on top of said pile slipped, moved, and fell off of the top onto the ground and caught appellee's left ankle and crushed the same causing permanent injuries.

It is appellants' position that the foregoing facts, together with all reasonable inferences to be drawn therefrom, are insufficient to sustain the allegations of appellee's complaint and in support thereof rely heavily upon the cases of *Cleveland, etc., R. Co.* v. *Means* (1915), 59 Ind. App. 383, 104 N. E. 785, 108 N. E. 375; and *Indiana Harbor Belt R. Co.* v. *Jones* (1942), 220 Ind. 139, 41 N. E. 2d 361. The facts in each of the cases cited are readily distinguishable from the facts in the instant case, and, therefore, we do not consider either of said cases decisive, or controlling, in the case at bar.

Neither do we feel that it is necessary in this opinion to enter upon an extended discussion of the

law applicable in "attractive nuisance" cases, except to say that we hold that the facts alleged in the complaint are sufficient to render the appellants liable to appellee, if established by the evidence. *Drew* v. *Lett* (1932), 95 Ind. App. 89, 95, 182 N. E. 547; *City of Indianapolis* v. *Williams* (1915), 58 Ind. App. 447, 454, 108 N. E. 387; *City of Indianapolis* v. *Emmelman* (1886), 108 Ind. 530, 9 N. E. 155; *Penso* v. *McCormick* (1890), 125 Ind. 116, 122, 25 N. E. 156.

Here we have a situation wherein the complaint alleges and there is ample evidence to establish that the appellants maintained a junkyard immediately adjacent to a public street and sidewalk, where they negligently stacked piles of iron and angle beams, which extended into the sidewalk; that on top of said piles of iron and angle beams which were four or five feet high appellants negligently and carelessly laid loose iron and angle beams in such a manner that they tottered and would fall easily from said pile when any force, pull, or tug was applied to them; that for many years children had been in the habit of climbing upon said piles of iron and angle beams all of which facts were known to appellants, and they took no precautions to prevent such practice.

It has been held that a junkyard may constitute an "attractive nuisance" if not properly maintained. *Eastburn* v. *Levin* (1940), 113 F. 2d 176.

The question as to whether appellants' negligence, as alleged, was established by the evidence and was the proximate cause of appellee's injuries was a question of fact for the jury as the trier of facts to determine. *Cleveland, etc., R. Co.* v. *Powers* (1909), 173 Ind. 105, 88 N. E. 1073; *Evansville*

*Veneer & Lumber Co.* v. *Claybon* (1947), 117 Ind. App. 499, 73 N. E. 2d 698; *Baltimore, etc., R. Co.* v. *Reynolds* (1904), 33 Ind. App. 219, 223, 71 N. E. 250.

By its general verdict the jury has decided that issue in favor of appellee and, since there is substantial evidence in the record to sustain the verdict, this court upon appeal cannot, and will not, weigh the evidence. *Indianapolis Railways* v. *Williams* (1945), 115 Ind. App. 383, 59 N. E. 2d 586; *Crane* v. *Newman* (1941), 111 Ind. App. 273, 37 N. E. 2d 732; *American Carloading Corp.* v. *Gary Trust & Savings Bank* (1940), 216 Ind. 649, 25 N. E. 2d 777.

Finding no error in the record, the judgment of the lower court is hereby affirmed.

NOTE.—Reported in 82 N. E. 2d 266.