ATTORNEY FOR APPELLANTS
Daniel L. Brown
Salem, Indiana

ATTORNEY FOR APPELLEES
Thomas E. Scifres
Salem, Indiana

# In the
# Indiana Supreme Court



FILED

Jun 04 2008, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

No. 88S05-0710-CV-423

BETH PALMER KOPCZYNSKI,
INDIVIDUALLY AND AS NEXT FRIEND AND
PARENT OF ALISHA PALMER AND
ALISHA PALMER,

*Appellants (Plaintiffs below),*

v.

DAVID BRYAN BARGER AND
PEGGY LUCAS BARGER,

*Appellees (Defendants below).*

Appeal from the Washington Superior Court, No. 88D01-0401-CT-030
The Honorable Frank Newkirk, Jr., Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 88A05-0612-CV-703

**June 4, 2008**

**Boehm, Justice.**

This case presents two issues of first impression. We hold that under some circumstances a minor's invitation to enter the premises may bind the landowner for purposes of premises liability, and that a trampoline may constitute an attractive nuisance. In this case both issues turn on facts not appropriately resolved on summary judgment.

## Facts and Procedural History

On January 30, 2002, twelve-year-old Alisha Palmer was at home after school with her brothers, Dylan, nine, and Michael, ten. Her mother, Beth Palmer Kopczynski, was still at work. Next door, six-year-old Bryan Barger was jumping on the Bargers' trampoline in an unenclosed area behind the Bargers' house. Bryan was jumping without supervision, which was not unusual.

At some point that afternoon, Bryan asked Dylan to jump with him, and Michael Spears, another neighbor, aged thirteen or fourteen, also joined them. Alisha testified that she also started using the trampoline a short time later, after Bryan "asked me if I wanted to jump with him." The parties agree that Bryan's invitations to Alisha and her brother were the first communications between the Palmers and the Bargers.

Alisha had previously watched Bryan jump, but she had never been on a trampoline before. As she was jumping, someone "stole" her jump, i.e., landed and changed the tension and height of the surface just before she landed. As a result, she injured her knee.

Alisha and her mother filed a complaint for damages against the Bargers, alleging both premises liability and liability for an attractive nuisance. The Bargers moved for summary judgment, claiming that Alisha was a trespasser and that the attractive nuisance doctrine did not apply. The trial court granted summary judgment in favor of the Bargers.

The Court of Appeals affirmed, finding no premises liability because Alisha was a trespasser and there was no evidence of willful or wanton conduct on the part of the Bargers. Kopczynski v. Barger, 870 N.E.2d 1, 9 (Ind. Ct. App. 2007). The Court of Appeals also found that the attractive nuisance doctrine did not apply because the plaintiffs failed to establish either that the trampoline was particularly dangerous or attractive to children or that the Bargers knew that children would trespass and be injured on the trampoline. Id. at 10. Judge Crone dissented, concluding that material issues of fact remained as to both Alisha's status on the premises and also whether the trampoline was an attractive nuisance. Id. at 11. We granted transfer. 878 N.E.2d 215 (Ind. 2007) (table).

**Standard of Review**

In reviewing summary judgment rulings, we apply the same standard as the trial court. Row v. Holt, 864 N.E.2d 1011, 1013 (Ind. 2007). We affirm summary judgment unless there is a genuine issue as to a material fact or the moving party is not entitled to a judgment as a matter of law. Id. All facts and reasonable inferences from them are to be construed in favor of the nonmoving party. Naugle v. Beech Grove City Sch., 864 N.E.2d 1058, 1062 (Ind. 2007).

**I. Count I—Premises Liability**

The amended complaint describes Count I as a claim for negligence. The plaintiffs' brief on appeal asserts that discovery had "more clearly defined" that count as a claim for premises liability and a claim for negligent supervision. However, the plaintiffs' argument focuses entirely on premises liability, and cites the alleged lack of supervision as evidence of breach under premises liability rather than as a separate tort, so we will treat it as such.

A landowner's liability to persons on the premises depends on the person's status as a trespasser, licensee, or invitee. Burrell v. Meads, 569 N.E.2d 637, 639 (Ind. 1991). The Bargers argue that Alisha was a trespasser, and therefore their only duty was to refrain from willful or wanton behavior. The plaintiffs contend Alisha was a social guest and therefore an invitee to whom the Bargers owed a duty to exercise reasonable care for her protection while on the premises.

The Court of Appeals held that the determination of Alisha's status—and therefore the duty owed to Alisha by the Bargers—is a matter of law for the trial court. Kopczynski v. Barger, 870 N.E.2d 1, 5 (Ind. Ct. App. 2007) (citing Taylor v. Duke, 713 N.E.2d 877, 881 (Ind. Ct. App. 1999)). We have observed that the existence of a duty is ordinarily a question of law for the court to decide, but it may turn on factual issues that must be resolved by the trier of fact. Rhodes v. Wright, 805 N.E.2d 382, 386 (Ind. 2004) (citing Douglass v. Irvin, 549 N.E.2d 368, 369 n.1 (Ind. 1990) ("While it is clear that the trial court must determine if an existing relationship gives rise to a duty, it must also be noted that a factual question may be interwoven with the determination of the existence of a relationship, thus making the ultimate existence of a duty a mixed question of law and fact.")); see Restatement (Second) of Torts § 332 cmt. l (1965) ("Since the status of the visitor as an invitee may depend upon whether the possessor should

3

have known that the visitor would be led to believe that a particular part of the premises is held open to him, the question is often one of fact for the jury, subject to the normal control which the court exercises over the jury's function in such matters."). For the reasons explained below, we conclude that factual issues preclude summary judgment in this case.

If Alicia entered the Bargers' property without authority, she was a trespasser. See Burrell, 569 N.E.2d at 640. If her entry was authorized, she was either a licensee or an invitee. See id. In some contexts the distinction between licensees and invitees is murky, but Burrell makes it clear that a social guest is an invitee. Id. at 643. Because her visit was solely social, Alisha was not a licensee, and was either a trespasser or an invitee. Alisha's status as trespasser or invitee, therefore, depends on whether she was authorized to be on the Bargers' property.

Bryan's invitation to join the group on the trampoline is the only evidence suggesting Alisha had permission to enter the Bargers' property and use the trampoline. "[A]n invitation is conduct which justifies others in believing that the possessor desires them to enter the land." Restatement (Second) of Torts § 332 cmt. *b*. An invitation does not have to come directly from the landowner. Whether a landowner's consent can be based on the action of another turns on standard agency principles. See Botka v. Estate of Hoerr, 21 P.3d 723, 727-28 (Wash. Ct. App. 2001) ("Permission sufficient to establish invitee or licensee status can be implied from the prior conduct and statements of the property possessors or their agents."); Kern v. Ray, 724 N.Y.S.2d 457, 458 (N.Y. App. Div. 2001) (holding that children were acting as parents' agents in inviting people to their house); cf. St. Mary's Med. Ctr. of Evansville, Inc. v. Loomis, 783 N.E.2d 274, 279 (Ind. Ct. App. 2002) (holding that employee's knowledge of unsafe condition on premises is imputed to employer). In the absence of actual authority to invite third parties to the house, the issue is whether the landowner's conduct gave the third party reason to believe that the landowner was willing to allow the third party to enter the land. See 62 Am. Jur. 2d Premises Liability § 112 (2005) ("The word 'consent' or 'permission' indicates that the possessor of the land is in fact willing that the visitor, or entrant, enter and remain thereon, or that the possessor's conduct gives the entrant reason to believe that the possessor is willing to allow him or her to enter if he or she desires to do so." (citing Restatement (Second) of Torts § 330 cmt. *c*)); cf. Holman v. State, 816 N.E.2d 78, 82 (Ind. Ct. App. 2004) (applying a totality of the

circumstances test to determine the validity of a minor's invitation in a criminal residential entry case).

The plaintiffs concede that the Bargers issued no express invitation because Bryan was not a landowner and did not have actual authority to invite Alisha onto the premises. Thus, the question becomes whether the Bargers gave Alisha reason to believe that they were willing to allow her on their land. The Bargers testified that they had once run off some children who were jumping on the trampoline, one of whom was Michael Spears. But Alisha had never met the Bargers, and was not among the group the Bargers had "run off." Whether she had reason to know that Bryan did not have actual authority is a factual question. Although Bryan was only six years old, his parents left him alone in the unfenced backyard. Bryan's age might suggest to an adult that he lacked authority. But Alisha is also a minor. A landowner's greater duties to children may arise "taking into account the abilities, age, experience, and maturity of the child . . . ." Johnson v. Pettigrew, 595 N.E.2d 747, 750-51 (Ind. Ct. App. 1992) (citing Restatement (Second) of Torts §§ 339, 343). Accordingly, we agree with Judge Crone that "the reasonableness of twelve-year-old Alisha's belief that she had permission to jump on the Barger's trampoline by virtue of six-year-old Bryan's invitation . . . presents a genuine issue of material fact that precludes a determination of her status as a matter of law." Kopczynski, 870 N.E.2d at 11 (Crone, J., dissenting). Summary judgment as to Count I must be reversed.

## II. Count II—Attractive Nuisance

The plaintiffs argue that even if Alisha was a trespasser, they may recover under the attractive nuisance doctrine, which imposes on a landowner a duty of care for a child trespasser if the following elements are met: 1) the structure or condition complained of is maintained or permitted on the property by the owner or renter; 2) the structure or condition is particularly dangerous to children and unlikely to be comprehended by children; 3) the structure or condition is especially attractive to children; 4) the owner or renter has actual or constructive knowledge of both the structure or condition and the likelihood that children will trespass and be injured; and 5) the injury is a natural, probable, and foreseeable result of the wrong. Pier v. Schultz, 243 Ind. 200, 205, 182 N.E.2d 255, 258 (Ind. 1962); Morningstar v. Maynard, 798 N.E.2d 920, 922-23 (Ind. Ct. App. 2003). An unenclosed junkyard is an example of a condition that may constitute

an attractive nuisance.  See Borinstein v. Hansbrough, 119 Ind. App. 134, 82 N.E.2d 266 (1948).  The purpose of the attractive nuisance doctrine "is to protect children from dangers which they do not appreciate."  Restatement (Second) of Torts § 339 cmt. *m* (1965).  However, because the attractive nuisance doctrine imposes a substantial burden on the property owner, it is narrowly construed and does not, for example, generally apply to "common or ordinary objects or conditions" such as walls, fences, or gates.  62 Am. Jur. 2d Premises Liability §§ 290, 366, 368 (2005).

The Bargers argue that Count II of the plaintiffs' complaint is deficient for several reasons.  They contend that a moving landing surface is a danger that can be comprehended by a twelve year old; trampolines pose no particular attraction to children; the Bargers had no reason to suspect that Alisha would trespass; and Alisha's injury was not the natural, probable, and foreseeable result of Alisha's use and trespass.  The Court of Appeals held that the attractive nuisance doctrine does not apply because in general the dangers of jumping on a trampoline should be as obvious to children as "the dangers of falling from heights."  The Court of Appeals also found that the plaintiffs failed to designate evidence establishing the latent danger of jumping on a trampoline.  Kopczynski v. Barger, 870 N.E.2d 1, 10 (Ind. Ct. App. 2007).

We agree with the Court of Appeals that the risks associated with trampolines may be obvious, particularly to an adult.  See Liccione v. Gearing, 675 N.Y.S.2d 728, 729 (N.Y. App. Div. 1998) (holding that the defendant established as a matter of law that nineteen year old was of sufficient age, education and experience to assume the risks of jumping on a trampoline).  But the particular risks associated with jumping on a trampoline are not necessarily open and obvious to children, particularly those who have never jumped before.  Cf. Bryant v. Adams, 448 S.E.2d 832, 841-42 (N.C. App. Ct. 1994) (holding that whether or not jumping on a trampoline was an open and obvious danger to a fourteen year old in a products liability case was a disputed fact question for the jury).  We agree with the Court of Appeals majority that the harm from falling down is obvious to most.  But the dangers of falling onto the ground are very different from the dangers of falling onto a trampoline, particularly one with other jumpers whose presence may unexpectedly change the tension of the trampoline's surface.  See Lykins v. Fun Spot Trampolines, 874 N.E.2d 811, 818-19 (Ohio Ct. App. 2007) (holding that while "jumping on a trampoline involves the obvious risks of losing balance, falling down, falling off the apparatus

altogether, and colliding with other individuals if more than one is present on the trampoline," the court could not find as a matter of law that the particular risks associated with multiple jumpers were open and obvious). And a child may be lulled into thinking a trampoline is safe by watching others jump without incident or injury. See Am. Jur. 2d Premises Liability § 342 ("[A] child may not realize the danger of his or her action where he or she has seen other children engaging in the act without injury.").

In this case the designated evidence conflicts regarding whether Alisha could have appreciated the dangers of jumping on a trampoline, particularly with multiple jumpers. The plaintiffs designated the affidavit of Alan R. Caskey, Ph.D, who testified: "It is my experience that children under the age of sixteen do not appreciate or understand the dangers of using a trampoline without adult supervision and with multiple jumpers and that the dangers of trampolines are not readily apparent to such children." Further, the designated evidence reveals that in 1998 about 75 percent of the roughly 95,000 emergency room treatments for trampoline-related injuries involved patients under fifteen. Although Alisha admits she had watched Bryan jump prior to her accident, there is no evidence that Alisha witnessed any injuries or had seen multiple jumpers on the trampoline. Further, Alisha testified that she had never been on a trampoline, was unsupervised, and was not warned of the dangers of jumping in general or multiple jumpers in particular. Accordingly, the Bargers have not established a lack of disputed material facts with regard to the open and obvious nature to Alisha of the dangers of trampolines.

The Bargers next argue that they had no reason to know that Alisha might trespass. Specifically, the Bargers point to designated evidence that the Bargers and Palmers did not know each other, Alisha's mother told her not to leave the house, and the Bargers allowed children to jump only with their permission. However, the plaintiffs have to show only the likelihood that some child would trespass and be injured, not a particular child. Dr. Caskey testified that "research indicates that trampolines left unattended are particularly attractive to children" and that "injuries are more likely to occur" when the trampoline is left unsupervised. The Bargers have not shown that it is unreasonable to assume that children would be attracted to a large trampoline that sits in the middle of an open yard, particularly when there is an unsupervised child regularly jumping on it. Indeed, the Bargers admit that other children have trespassed and used their trampoline without permission. Moreover, as explained in Part I, it is an issue for the

7

trier of fact whether another child might reasonably regard Bryan as an authorized host. If so, by leaving Bryan alone in the yard, the Bargers increased the risk of unauthorized use of the trampoline by another child.

Finally, the Bargers claim that Alisha's knee injury was not a natural, probable, or foreseeable consequence of her trespass and jumping. The designated evidence reveals, however, that the trampoline's warning labels cautioned that multiple jumpers on a trampoline "increase[] the chance of serious injury" and "can result in broken head, neck, back or legs." Dr. Caskey testified that "research and databases also indicate that the type of knee injury sustained by Alisha Palmer is a type of injury that is seen from multiple jumpers on a trampoline." Thus, the Bargers have failed to establish a lack of disputed material facts as to the foreseeability of Alisha's injury.

## Conclusion

The trial court's grant of summary judgment is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.